Leonard GIACALONE, Petitioner,

v.

NATIONAL LABOR RELATIONS BOARD, Respondent.

No. 81–2494.

United States Court of Appeals, Third Circuit.

Argued June 15, 1982.

Decided June 25, 1982.

Steven B. Harz (argued), Montvale, N. J., for petitioner.

William A. Lubbers, Gen. Counsel, John E. Higgins, Jr., Deputy Gen. Counsel, Rob-

**428**

ert E. Allen, Acting Associate Gen. Counsel, Elliott Moore, Deputy Ass'n Gen. Counsel, Carol A. De Deo (argued), Christine Weiner, N. L. R. B., Washington, D. C., for respondent.

Before ALDISERT, GIBBONS and HIGGINBOTHAM, Circuit Judges.

## OPINION OF THE COURT

GIBBONS, Circuit Judge:

In this matter of first impression, we are asked to decide whether under the National Labor Relations Act, 29 U.S.C. § 151 et seq. (the Act), an alleged discriminatee who chose not to participate as a party in proceedings before an administrative law judge, has the right to file exceptions to the recommended order of that judge. The Act does not expressly answer this question. We agree with the National Labor Relations Board (the Board), however, that the language and policy of the Act suggest an answer in the negative. Thus we will deny the petition for review.

### I

On February 15, 1980, the Lincoln Technical Institute Federation of Teachers, Local No. 2322, American Federation of Teachers, AFL–CIO (the Union), filed an unfair labor practice charge. A complaint issued, alleging, *inter alia*, that Lincoln Technical Institute, Inc. (the Employer) had unlawfully discharged several of its instructors including the petitioner, Leonard Giacalone, in violation of 29 U.S.C. § 158(a)(1) and (3) (1976).[1] Finding, after a hearing, that the instructors had either engaged in or supported a strike which constituted a material breach of the collective bargaining agreement between the Union and the Employer, the Administrative Law Judge (ALJ) recommended that the complaint be dismissed in its entirety.[2]

During the hearing, Giacalone and the other instructors were represented by the Union, which had originally filed the unfair labor practice charge, and by counsel for the General Counsel of the NLRB. After the ALJ's decision was filed, none of these parties to the Board proceedings filed exceptions to that decision. Giacalone, however, alleges that it was not until the last day for filing such exceptions, March 2, 1981, that he was informed by the Union that it chose not to file exceptions. On that day he sent a telegram to the Board stating, in part, "that I would like to file an appeal from the Decision of Judge Green as pertains to me."[3]

The Board issued a decision and order dismissing the complaint against the Employer in its entirety, and holding that Giacalone was not entitled under the Act to file exceptions to the ALJ's decision, since he was not a party to the proceedings and had not sought to file a charge or to intervene. 256 NLRB No. 32 (1981). Giacalone then petitioned this court for review of the Board's order.[4]

### II

Under Section 10(f) of the Act, Giacalone, as a "person aggrieved by a final order of the Board ... denying in whole or in part the relief sought," may petition this court for review of that order. In this case the relief sought is a declaration of his alleged right to file exceptions to the decision of the ALJ. This alleged right is important to

---

1. Section 8 of the National Labor Relations Act provides in part:

   Unfair Labor Practices
   (a) It shall be an unfair labor practice for an employer—
   (1) to interfere with, restrain, or coerce employees in the exercise of the rights guaranteed in section 157 of this title;

   .     .     .     .     .

   (3) by discrimination in regard to hire or tenure of employment or any term or condition of employment to encourage or discour-

   age membership in any labor organization:
   . . .

2. No. 22–CA–9764 (February 6, 1981).

3. There is a dispute whether the telegram was received by the Board on March 2 or March 3. In view of our decision that Giacalone was not entitled to file any exceptions, this question is not significant.

4. Our jurisdiction to review such orders is derived from 29 U.S.C. § 160(f), discussed *infra*.

Giacalone in part because of another provision of Section 10(f) that incorporates a portion of the preceding subsection:

Upon the filing of such petition, the court shall proceed in the same manner as in the case of an application by the Board under subsection (e) of this section, and shall have the same jurisdiction to grant to the Board such temporary relief or restraining order as it deems just and proper, and in like manner to make and enter a decree enforcing, modifying, and enforcing as so modified, or setting aside in whole or in part the order of the Board; the findings of the Board with respect to questions of fact if supported by substantial evidence on the record considered as a whole shall in like manner be conclusive.

29 U.S.C. § 160(f). Section 10(e), concerning the Board's power to petition the United States Court of Appeals for enforcement of its orders, provides in part:

No objection that has not been urged before the Board, its member, agent, or agency, shall be considered by the court, unless the failure or neglect to urge such objection shall be excused because of extraordinary circumstances.

29 U.S.C. § 160(e). Lastly, Section 10(c) describes the procedure for filing exceptions to a decision of an administrative law judge:

In case the evidence is presented before a member of the Board, or before an examiner or examiners thereof, such member, or such examiner or examiners as the case may be, shall issue and cause to be served on the parties to the proceeding a proposed report, together with a recommended order, which shall be filed with the Board, and if no exceptions are filed within twenty days after service thereof upon such parties, or within such further

period as the Board may authorize, such recommended order shall become the order of the Board and become effective as therein prescribed.

29 U.S.C. § 160(c).

Collectively, these subsections require that exceptions to an administrative law judge's decision must be filed with the Board in order to preserve issues for judicial review of the Board's decision.[5] Giacalone urges that unless he has the right to file exceptions, his right to appeal the Board's dismissal of the unfair labor practice complaint involving his discharge becomes meaningless, since any objection of his own may not be considered by the court of appeals, apart from the existence of extraordinary circumstances which might excuse a failure to object.[6] He thus asks us to conclude that Section 10(c) contemplates the filing of exceptions by those who, although not parties to the Board proceedings, are nonetheless aggrieved by a Board dismissal of a complaint on their behalf.

A dissenting member of the Board, who would have granted Giacalone the right to file exceptions, noted that alleged discriminatees who are not charging parties have been interpreted to be aggrieved persons entitled to petition the court of appeals for review under Section 10(f).[7] That right, however, does not necessarily imply that a discriminatee who is not a party to Board proceedings is also entitled to file exceptions. Although such discriminatees are limited on appeal to the objections actually urged before the Board, any conclusion that they are entitled to file exceptions should be premised not only upon their right to appeal, but upon the language and policy of the entire section. We agree with the conclusion of the Board majority that these considerations strongly suggest that Giacalone is not entitled to file exceptions.

---

5. *Detroit Edison Co. v. NLRB*, 440 U.S. 301, 311–12 n.10, 99 S.Ct. 1123, 1129–30 n.10, 59 L.Ed.2d 333 (1979); *NLRB v. Int'l Union of Operating Eng'rs, Local 66, A, B & C, AFL–CIO*, 357 F.2d 841, 843–46 (3d Cir. 1966). Board Rules also provide that any exception to an ALJ's finding not specifically argued before the Board shall be deemed waived. 29 C.F.R. §§ 102.46(b), 102.48(a) (1981).

6. There is no contention that any such extraordinary circumstances exist in this case.

7. *See Hamilton v. NLRB*, 160 F.2d 465 (6th Cir.), *cert. denied sub nom. Kalamazoo Stationery Co. v. NLRB*, 332 U.S. 762, 68 S.Ct. 65, 92 L.Ed. 348 (1947); *Stewart Die Casting Corp. v. NLRB*, 132 F.2d 801 (7th Cir. 1942).

Section 10(c) does not explicitly specify who may file exceptions to an examiner's report, but it does provide that any proposed report and recommended order be served on "the parties to the proceeding" and that if no exceptions are filed within the prescribed time period "after service thereof upon such parties," the recommended order shall become the order of the Board. This provision plainly contemplates that only the *parties* to the proceedings receive notice of the proposed report and recommended order. While it is not inconceivable that Congress intended that discriminatees be permitted to file exceptions, it would seem odd, if that were intended, to fix a time period in *terms of service* upon the parties, rather than upon affected nonparties.

The Board's rules have contemplated that exceptions are to be filed only by parties to the proceedings.[8] The Board urges that the need for certainty and finality in Board processes (especially given the possibility of cases involving a great number of alleged discriminatees) also points toward acceptance of its interpretation of Section 10(c). Mindful that the construction of a statute by those charged with its execution is normally entitled to deference by the courts[9] and that Congress intended that the Board develop the national labor policy,[10] we are inclined to accept the Board's conclusion that nonparty discriminatees are not entitled to file exceptions of their own.

Were we at all troubled that Giacalone had been denied the due process of law or had otherwise been treated unfairly pursuant to Section 10(c), we would not so readily accept what both the statutory language and the Board suggest. Giacalone, however, could have filed a charge in his own behalf[11] or could have attempted to intervene in the proceedings[12] if he suspected that either the Union's or the Board's representation of his claims would be inadequate. Since he did not avail himself of those opportunities, but instead relied upon representation by the Union and the Board, he cannot complain of fundamental unfairness in not being allowed to file exceptions of his own after the proceedings before the ALJ had concluded.

### III

The petition to review the Board's order will be denied.

---

**8.** 29 C.F.R. § 102.46 provides that "any party may (in accordance with section 10(c) of the act ...) file with the Board in Washington, D. C., exceptions to the administrative law judge's decision...." The Rule's definition of "party" clearly does not include someone in Giacalone's position. *See* 29 C.F.R. § 102.8.

**9.** *E.g., NLRB v. Hendricks County Rural Electric Membership Corp.*, 454 U.S. 170, ——, 102 S.Ct. 216, 222, 70 L.Ed.2d 323 (1981).

**10.** *NLRB v. Int'l Union of Operating Eng'rs, supra,* 357 F.2d at 845.

**11.** Neither Section 10(b) of the Act, 29 U.S.C. § 160(b), nor the Board Rules, 29 C.F.R. § 102.-9, limit who may file an unfair labor practice charge.

**12.** Both Section 10(b) of the Act, 29 U.S.C. § 160(b), and the Board Rules, 29 C.F.R. § 102.29, permit intervention in the proceedings in the discretion of the regional director or the administrative law judge.